UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 15-174 |
| TIMOTHY JONES | SECTION F |

ORDER AND REASONS

Before the Court is Timothy Jones' 28 U.S.C. § 2255 motion to vacate his sentence. For the following reasons, the motion is DENIED, and no certificate of appealability shall issue.

**Background**

Timothy Jones is serving a life sentence for (among other convictions) sex trafficking of children.

In July 2015, a federal grand jury returned an eight-count indictment charging Timothy Jones (a/k/a Lucci Jones, a/k/a King Lucci Jones, a/k/a Lucci Loco Jones) with operating a sex trafficking enterprise involving at least two minor females, whom he met and recruited in December 2013 and January 2014; the indictment contained these charges: conspiracy to commit sex trafficking of children (Count 1); sex trafficking of minors and sex trafficking by force, fraud, and coercion (Counts 2 and 3); coercion and enticement of an individual to travel to engage in prostitution (Count 4); coercion and entitlement of an individual

1

to travel to engage in prostitution through the use of a cellular telephone, computer, and the internet (Count 5); and use of an interstate facility to promote prostitution (Counts 6-8).

Before his indictment on these federal charges, Jones was charged in Orleans Parish Criminal District Court with (among other charges) attempted second-degree murder for shooting a person on February 17, 2014.  Jones was arrested in Memphis, Tennessee and taken into custody by local authorities in New Orleans on April 2, 2014 in connection with those charges, for which he was convicted on August 26, 2015, after a trial by jury.  About six months later, Jones went to trial on his federal charges.  After a four-day trial, the jury found Jones guilty on all eight federal charges.

Prior to the federal sentencing hearing, defense counsel filed objections to the Pre-Sentencing Investigation Report.  On August 24, 2016, the Court rejected Jones's objections to the PSR and Jones was sentenced to a within-Guidelines sentence of: life imprisonment as to each of Counts One, Two, Three, and Five, as well as 240 months as to each of Counts Four and Six through Eight, all to be served concurrently. Jones timely appealed, arguing that the Court erred by treating distinct acts of victimization as separate pseudo-offenses under the sentencing guidelines, applying a two-level enhancement for Victim 2 enduring serious bodily injury, and applying a base-level due to a clerical error in the written judgment of conviction.  His arguments on direct appeal

were rejected; the United States Court of Appeals for the Fifth Circuit affirmed Jones's conviction and sentence and remanded for the limited purpose of correcting a clerical error. See United States v. Jones, 699 Fed.Appx. 325 (5th Cir. 2017).[1] Jones petitioned the U.S. Supreme Court for a writ of certiorari, which was denied on February 26, 2018. Jones now seeks habeas relief.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.[2] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a

---

[1] The clerical error was the omission of § 1591(b)(1) from the judgment. The Court issued an amended judgment in conformance with the limited remand.

[2] Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id.

3

§ 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." United States v. Addonizio, 442 U.S. 178, 185 (1979).

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255. Having considered the record, the motion, and the government's responses, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995)("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary....").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

II.

*A.*

A petitioner has one year within which to file his habeas corpus claim. 28 U.S.C. § 2255(f). This one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. If a petitioner fails to file his § 2255 motion within the applicable one-year period, the Court must dismiss the petition as untimely.

*B.*

As a threshold matter, the government contends that Jones's habeas petition is untimely. The Court is not persuaded that it may resolve the parties' dispute as to timeliness on the papers without an evidentiary hearing.

Jones's judgment became final when the Supreme Court denied his petition for a writ of certiorari on February 26, 2018. As such, the one-year period that Jones had to file his habeas corpus

5

petition under 28 U.S.C. § 2255 commenced on that date. Jones certified under penalty of perjury that his habeas petition was placed in the prison mailing system on February 21, 2019. However, the government contends that the petition was not filed until March 19, 2019; the government submits that this filing date renders the petition time-barred.

On this record, there is a factual controversy regarding when Jones filed his habeas petition. The government does not dispute that Jones certified that he timely provided his habeas petition to prison authorities on February 21, 2019. The government instead counters that the petition was both presented to prison authorities and electronically filed into the Court on March 19, 2019, which would render Jones's petition time-barred. The Court is not persuaded that it must resolve the ostensible factual dispute as to timeliness in the government's favor without an evidentiary hearing. For this reason, the Court ordered the government to file a supplemental brief addressing the merits of Jones's arguments advanced in his habeas petition.[3]

The Court declines to resort to an evidentiary hearing to resolve the parties' timeliness dispute; having received the government's supplemental papers addressing Jones's substantive

---

[3] Initially, the government challenged only the timeliness of the petition and requested additional time to respond to the merits, if the Court determined that the petition was timely filed.

arguments, the Court turns to consider the merits of the petition. The Court finds that Jones's substantive habeas claims are amenable to resolution on the papers as a matter of law.

III.

Timothy Jones seeks habeas relief due to his trial attorney's alleged ineffectiveness; he advances two main grounds for relief: (1) his counsel was ineffective in failing to object to the Court's application of the incorrect sentencing guidelines; and (2) counsel was ineffective in failing to (a) oppose or challenge the introduction of evidence obtained in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and (b) provide Jones with complete discovery. The government counters that Jones's habeas petition is substantively without merit. The Court agrees.

*A.*

Jones advances two grounds as to why his sentence and conviction should be vacated, both based on ineffective assistance of counsel at the pre-trial and sentencing stages of his case.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

Ineffective assistance of counsel claims are reviewed under Strickland's familiar two-prong standard; a habeas petitioner must "show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 697. Deficient performance is established by showing "that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 702 (2002)(citation omitted). In other words, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

The prejudice prong requires that the petitioner show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694 ("[a] reasonable probability is a probability sufficient to undermine confidence in the outcome" of a proceeding). Significantly, "[t]his is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." United States v. Wines, 691 F.3d 599, 604 (5th Cir. 2012)( citations omitted). Finally, because the petitioner

8

must make both showings to obtain habeas relief, there is no requirement that a court "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Jones's claims fail to satisfy the rigorous Strickland standard.

*B.*

1.   Ground One: Sentencing Errors

In his first ground seeking habeas relief, Jones argues that his trial counsel was ineffective because he failed to object to the Pre-Sentencing Investigation Report's grouping determination pursuant to U.S.S.G. § 3D1.2 and that his counsel failed to object to the PSR's application of a two-level "serious bodily injury" enhancement under § 2A3.1(b)(4)(B).  The government counters that Jones's contentions fail as a matter of law.  The Court agrees.

On direct appeal, Jones presented the arguments comprising Ground One to the Fifth Circuit, which considered and rejected his arguments.  See United States v. Jones, 699 Fed.Appx. 325 (5th Cir. 2017).  The law of the case doctrine thus forecloses Jones's § 2255 challenge based on the same claims considered and rejected on direct appeal.  See United States v. Goudeau, 512 Fed.Appx. 390, 393 (5th Cir. 2013)(citations omitted).  Regardless, because Jones's arguments lack merit, neither Strickland prong is met: Jones cannot show that his counsel was deficient in failing to raise non-meritorious arguments at his sentencing; nor could

9

counsel's failure to raise such arguments have prejudiced Jones because he fails to show that there is a substantial likelihood that, had counsel raised the alleged errors, his sentencing outcome would have been different.

    2. Ground Two: Unconstitutional Seizure/Incomplete Discovery

    In his second ground seeking habeas relief, Jones charges ineffectiveness due to counsel's failure to: (a) oppose or challenge the introduction of evidence he submits was obtained by the government in violation of his constitutional rights; and (b) provide Jones with complete discovery. The government counters that neither contention meets the Strickland test. The Court agrees.

(a)

    Jones contends that the government seized, searched, and obtained evidence from his Facebook page, cellular phone, Google account, and Netspend debit card without, or prior to obtaining, valid search warrants. Where there is a Fourth Amendment claim that counsel allegedly failed to pursue, in addition to satisfying the Strickland test, "the [petitioner] must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morris, 477 U.S. 365, 375 (1986). Conclusory challenges to the validity of a warrant are

insufficient; the petitioner must offer "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." See United States v. Runyan, 290 F.3d 223, 234 n.6 (5th Cir. 2002)(citations omitted).  Jones fails to meet these standards.

Jones admits that the government sought and obtained sworn federal search warrants for his cellular phone, Facebook page, and Google account. Indeed, Jones even attached portions of the warrants to his petition.  Nevertheless, Jones appears to challenge whether his Samsung cell phone was searched without a valid warrant due to the failure of the presiding magistrate judge to fill in the date in one portion of the warrant return.  The government submits that Jones offers no evidence or support for his claim and that, in any event, his claims challenging his counsel's failure to oppose the government's introduction of evidence fail to satisfy either Strickland prong, let alone both.  The Court agrees.

Jones's conclusory submission that it was "critical" for his counsel "to move to suppress the []evidence" falls well short of satisfying Kimmelman.  Jones fails to show that his Samsung cell phone was searched without a warrant or that the State's production included materials from the phone.  Even if he could make these showings, when Jones's phone was seized and searched, the controlling precedent in the Fifth Circuit was that an officer was permitted to search a cellular phone incident to a lawful arrest

11

without a warrant. See United States v. Finley, 477 F.3d 250, 259-60 (5th Cir. 2007), *overruled by* Riley v. California, 573 U.S. 373, 403 (2014)(before searching a cell phone seized incident to an arrest, police must get a warrant). Thus, even if Jones's phone was searched prior to a warrant being obtained (a merely hypothetical contention by Jones), such a search would have been lawful at the time and a motion to suppress would have failed as a matter of then-binding law. To be sure, then, Jones's counsel's performance was not deficient in failing to challenge the search warrants or the information or admissibility of the evidence obtained therefrom at trial.

Additionally, Jones's claim that his counsel was ineffective in failing to pursue suppression fails Strickland's second prong. The government submits that the evidence obtained from the phone, Google account, and Facebook cannot reasonably be said to be determinative of the outcome of the trial. The Court agrees. Evidence at trial included eyewitness testimony (including both minor victims), contents of others' cellular phones, Jones's own words on recorded jail calls, hotel records, and records from Backpage.com. Jones mounts no challenge to any of this evidence. Given all of this unchallenged evidence probative of guilt, Jones fails to even suggest how suppressing some or all of the evidence allegedly unconstitutionally obtained would have affected the trial's outcome.

12

Jones also takes issue with the government's alleged failure to produce warrants for his Google account, cellular phone, and Facebook page. But there can be no dispute that the government did produce these items: the record indicates that these unsealed warrants were produced in August 2015. These warrants were also publicly available after they were unsealed. Even if Jones or his counsel had made a claim regarding the production of the warrants, Jones fails to show that he would have been entitled to relief. He likewise fails to show that he is entitled to relief now.

### b.

Finally, Jones argues that his counsel was ineffective in failing to provide him with complete discovery. The government counters that this conclusory allegation falls well short of showing objectively deficient conduct or prejudice. The Court agrees.

Jones submits that his attorney failed to provide him "with any of the reports of any of the law enforcement officers in his case." Even accepting at face value Jones's contention that his counsel failed to provide him with all reports and discovery, Jones fails to persuade the Court how this "failure" satisfies the stringent Strickland test. Jones fails to persuade the Court that his counsel's failure to provide him with law enforcement reports fell below an objective standard of reasonableness. Jones likewise fails to persuade the Court that, had he received these reports

13

and complete discovery, the outcome of his trial would have been different, or that a more lenient sentence would have been imposed. None of Jones's grounds for relief meet Strickland's rigorous test.

IV.

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Because Jones has not established a cognizable claim of ineffective assistance of counsel under Strickland in his motion to vacate, Jones has not made a substantial showing of the denial of a constitutional right.

***

Accordingly, for the foregoing reasons, IT IS ORDERED that Timothy Jones's motion to vacate, set aside, or correct sentence is DENIED, and his habeas petition is dismissed with prejudice. IT IS FURTHER ORDERED: that, because Jones has failed to make the requisite showing, the Court shall not issue a certificate of appealability.

New Orleans, Louisiana, July 10, 2020

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE